FILED 22 OCT 6 11:40 USDC-ORM

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

# MEDFORD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | 1:22-cr-00352-MC |
| v. | **INDICTMENT** |
| CYNTHIA PICKERING, | 18 U.S.C. § 1343 |
| | 18 U.S.C. § 1028A |
| **Defendant.** | 20 U.S.C. § 1097 |
| | **Forfeiture Allegation** |

## THE GRAND JURY CHARGES:

## INTRODUCTION TO THE FEDERAL STUDENT AID PROGRAM

1. The United States Department of Education (DOE) provides oversight and administration of the Federal Student Aid (FSA) program authorized under Title IV of the Higher Education Act of 1965. DOE operates, administers, and regulates various FSA programs, including federal grants and loans.

2. The DOE promulgates regulations that specify eligibility requirements and application procedures for students applying for FSA. FSA funds may only be used for educational purposes such as tuition and other fees charged by the institution as well as books, supplies, transportation, and living expenses.
**Indictment**     Page 1
Revised April 2018

3. To apply for FSA, applicants are required to truthfully complete the Free Application for Federal Student Aid (FAFSA). The FAFSA requires an applicant to truthfully disclose certain personal identifying information (PII) including the applicant's name, date of birth, social security number, and signature.

4. To complete the FAFSA, each applicant is assigned an FSA ID consisting of a unique user-created name and password. The FAFSA instructions caution applicants that applicants and parents/other preparers should create and use their own FSA IDs because the FSA ID is a legal signature. If the FAFSA is prepared by someone other than the applicant, or if a fee was paid to someone for advice or assistance for completing the FAFSA, then the non-applicant preparer is required to complete a section of the FAFSA identifying the preparer's name, address, social security number, employer ID number, and signature.

5. The applicant and/or preparer assumes responsibility for the accuracy of the application's contents and certifies that: (a) they were the person identified by that FSA ID; (b) they had not disclosed that FSA ID to anyone else; (c) the federal financial aid would only be used to pay the cost of attending an institution of higher education; and (d) all of the information contained on the FAFSA was true and complete to the best of the applicant and/or preparer's knowledge.

6. Prior to August 5, 2018, FAFSA submissions were received through DOE servers located in Plano, Texas. After August 5, 2018, FAFSA submissions were received through DOE servers located in Clarksville, Virginia.

7. At all times relevant to this Indictment, defendant, **CYNTHIA PICKERING** resided in the District of Oregon.

**Indictment** **Page 2**

# COUNTS 1-3
## (Wire Fraud)
## (18 .S.C. § 1343)

7. Paragraphs 1-6 are incorporated herein.

8. Beginning in or around September 2017 and continuing through in or around April 2019, in the District of Oregon, defendant, **CYNTHIA PICKERING** did knowingly devise and intend to devise a material scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, half-truths, representations, and promises.

### *Manner and Means and Scheme to Defraud*

9. **CYNTHIA PICKERING** and Adult Victim 1 (AV1) were married until AV1's passing in June 2017. It was part of the scheme that **CYNTHIA PICKERING** used AV1's deceased identity and PII to enroll AV1 in higher education courses to unlawfully obtain FSA intended for AV1.

10. As part of the scheme, on or about September 28, 2017, **CYNTHIA PICKERING** used AV1's name, date of birth, and social security number to enroll AV1 at Eastern Oregon University (EOU) and apply for FSA. Upon enrollment, EOU awarded AV1 $15,091 in FSA, and after deducting tuition costs and fees, deposited $7,747.00 in FSA into **CYNTHIA PICKERING**'s personal checking account.

11. Continuing the scheme, on or about October 11, 2017, **CYNTHIA PICKERING** used AV1's name, date, of birth, and social security number to enroll AV1 at Rogue Community College (RCC) and apply for FSA. Upon enrollment, RCC awarded AV1 $7,898 in FSA, and

after deducting tuition costs and fees, deposited $3,002 in FSA into **CYNTHIA PICKERING's** personal checking account.

12. In furtherance of the scheme, on or about August 8, 2018, **CYNTHIA PICKERING** used AV1's name, date, of birth, and social security number to enroll AV1 at Western Oregon University (WOU). Upon enrollment WOU awarded AV1 $13,352 in FSA, and after deducting tuition costs and fees, deposited $7,090.79 in FSA into **CYNTHIA PICKERING's** personal checking account.

13. As part of the scheme **CYNTHIA PICKERING** attended online classes pretending to be AV1 so that AV1 would remain eligible for FSA. **CYNTHIA PICKERING** often passed AV1's first term courses to make AV1 eligible for the full FSA award, and after receiving the full FSA, failed the remaining courses.

14. As a result of **CYNTHIA PICKERING's** scheme, **CYNTHIA PICKERING** obtained $36,341 in FSA.

15. On or about the dates enumerated below as to each Count, in the District of Oregon and elsewhere, **CYNTHIA PICKERING**, having knowingly devised and intended to devise a material scheme to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowingly transmitted and caused the following interstate wire communications for purposes of attempting to execute and executing the above-described material scheme:

| COUNT | DATE | WIRE COMMUNICATION |
|---|---|---|
| 1 | April 7, 2018 | FAFSA submission for federal student aid. |
| 2 | August 15, 2018 | FAFSA submission for federal student aid. |
| 3 | March 12, 2019 | FAFSA submission for federal student aid. |

All in violation of Title 18, United States Code, Section 1343.

## COUNTS 4-6
## (Aggravated Identity Theft)
## (18 U.S.C. § 1028A)

16. Paragraphs 1-15 are incorporated herein

17. On or about the dates enumerated below, in the District of Oregon, **CYNTHIA PICKERING** did knowingly possess, transfer, and use, without lawful authority, a means of identification of another person, to wit, the name, date of birth, and social security number of AV1, during and in relation to a felony violation enumerated in Title 18, United States Code, Section 1028A(c), to wit: wire fraud, in violation of Title 18, United States Code, Section 1343, knowing that the means of identification belonged to another actual person,

| COUNT | DATE | DOCUMENT | Means of Identification |
|---|---|---|---|
| 4 | September 28, 2017 | Eastern Oregon University enrollment application | Name, date of birth, and social security number of AV1. |
| 5 | October 11, 2017 | Rogue Community College enrollment application | Name, date of birth, and social security number of AV1. |
| 6 | August 8, 2018 | Western Oregon University enrollment application | Name, date of birth, and social security number of AV1. |

In violation of Title 18, United States Code, Section 1028A.

## COUNT 7-9
## (Student Aid Fraud)
## (20 U.S.C. § 1097)

18. Paragraphs 1-17 are incorporated herein

19. On or about the dates enumerated below, in the District of Oregon, **CYNTHIA PICKERING** did knowingly and willfully embezzle, steal, obtain by fraud, false statement, and forgery, and fail to refund more than $200 in student aid funds, assets, and property provided and

**Indictment** Page 5

insured under Title 20, United States Code, Chapter 28, Subchapter IV and Title 42, United States Code, Chapter 34, Subchapter I, Part C, to wit:

| COUNT | DATE | AMOUNT | INSTITUTION |
|---|---|---|---|
| 7 | January 4, 2018 | $4,516.00 | Eastern Oregon University |
| 8 | July 20, 2018 | $2,598.00 | Rogue Community College |
| 9 | January 4, 2019 | $2,891.00 | Western Oregon University |

In violation of Title 20, United States Code, Section 1097.

## FORFEITURE ALLEGATION

20. Upon conviction of one or more of the offenses alleged in Counts 1-3 of this Indictment, **CYNTHIA PICKERING** shall forfeit to the United States, pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes, or is derived from, proceeds traceable to the offenses, including but not limited to a money judgment for a sum of money equal to the amount of property involved in or derived from that offense.

21. If the above-described forfeitable property, as a result of any act or omission of defendant:

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third party;

    (c) has been placed beyond the jurisdiction of the court;

    (d) has been substantially diminished in value; or

    (e) has been commingled with other property which cannot be divided without difficulty;

\\\

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

Dated: October 6, 2022

A TRUE BILL.

/s/ Grand Jury Foreperson

Presented by:

NATALIE K. WIGHT
United States Attorney

JOHN C. BRASSELL, WASB #31639
Assistant United States Attorney